SYKES, Circuit Judge,
concurring.
I join Judge Stadtmueller’s opinion for the court. I write to highlight a key conceptual distinction that separates my view of this case from Judge Hamilton’s. Mar-kadonatos argues that the Village of Woodridge ordinance imposing a $30 jail booking fee violates his right to procedural and substantive due process. The crux of his procedural due-process claim is that the fee is collected automatically, at the time of custodial arrest and booking, without any formal process at all. The crux of his substantive due-process claim is that the fee is collected from everyone who is arrested and booked into the jail regardless of whether the arrest was lawful, a criminal charge is filed, or the person is found guilty.
As Judge Stadtmueller explains, Marka-donatos lacks standing to challenge the Village’s booking fee on substantive due-process grounds. Markadonatos does not allege that he was arrested without probable cause; nor does he allege that he was never charged with a crime, that the charge against him was dismissed, or that he was acquitted. To the contrary, it is undisputed that Markadonatos was lawfully arrested and charged with retail theft, entered a guilty plea, and was sentenced to a 12-month term of supervision and ordered to pay various court costs and criminal-justice fees. He alleges that “[a]t the conclusion of the supervision[,] the charge on his record will be listed as ‘not guilty’.” His brief cites 730 III. Comp. Stat. 5/5 — 6— 1(c) as the statutory authority for this conditional disposition, but the court’s sentencing order doesn’t refer to that statute.
Regardless, the important point for our purposes is that because Markadonatos *993 concedes that he was arrested on probable cause, was charged with retail theft, and pleaded guilty as charged, he has no standing to claim that the booking fee is substantively unconstitutional because it applies to all arrested persons whether or not the arrest was lawful, a charge is filed, or a successful prosecution ensues. See Sickles v. Campbell County, Ky., 501 F.3d 726, 732 (6th Cir.2007) (holding that plaintiffs who pleaded guilty lack standing to challenge county’s collection of jail costs as applied to those who are “arrested, booked and immediately released because of mistake”). Accordingly, the district court properly dismissed the substantive due-process claim.
That leaves the procedural due-process claim, which fails for the reasons Judge Stadtmueller has explained.
In his dissent Judge Hamilton maintains that the booking fee is in substance a criminal fine and must “await the outcome of a criminal prosecution.” Dissent at 994. That’s a claim about the content of the booking-fee ordinance — a substantive challenge to the Village’s policy decision to apply the fee to every arrested person rather than just to those who are charged with and found guilty of a crime. It may be a good claim, but Markadonatos has no standing to make it because he was arrested on probable cause, charged with a crime, and pleaded guilty as charged.
To say that the booking fee is unconstitutional because it is collected from all arrested persons — even those who are arrested without probable cause, never charged, win a dismissal, or are acquitted — is to say that the fee ordinance is unconstitutional in substance. It is to say, as Judge Hamilton does in his dissent, that the booking fee is substantively justifiable only as a fine — that is, only as part of the substantive punishment for a crime. He may be right about that. But we cannot entertain that substantive claim here because Markadonatos lacks standing to make it.